**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SPINDLETOP EXPLORATION COMPANY, INC., and FERRELL OIL COMPANY,<br><br>    *Plaintiffs*,<br><br>v.<br><br>TRINITY OPERATING (USG), LLC, and JOHN DOE 1—20, unknown working interest owners,<br><br>    *Defendants*, | Case No. CIV-19-310-RAW |

## ORDER

Plaintiffs filed this action on August 19, 2019. After Trinity Operating (USG), LLC (hereinafter "Trinity") filed a motion to dismiss, the court invited Plaintiffs to file an amended complaint and provide additional factual averments therein which could vitiate Trinity's claims of insufficiency. Plaintiffs filed their Amended Complaint on February 24, 2020.

Plaintiffs identify several properties located in Hughes, Atoka, and Pittsburg Counties for which they own oil and gas interests and have executed leases. Plaintiffs allege that Trinity is the sole owner of the leases, the operator of the oil wells, and the party that has paid royalties to Plaintiffs. Plaintiffs further allege that Trinity is rendering improper deductions from Plaintiffs' royalty interests. Plaintiffs attach two sample leases to their Amended Complaint and allege that while the samples do not identify Trinity as the owner, the leases were later acquired by Trinity.

Plaintiffs state that they have named John Does 1-20 as unknown working interest owners that may own any portion of any of the subject leases. Plaintiffs allege that knowledge

regarding interest owners can be limited by pooling applications, mergers and acquisitions, joint operating agreements, and private joint venture agreements.

Plaintiffs bring claims for: (1) an accounting; (2) breach of the Oklahoma Production Revenue Standards Act, 52 OKLA. STAT. § 570.1, *et seq*. ("PRSA"); and (3) breach of contract or alternatively unjust enrichment.  Now before the court is Trinity's motion to dismiss the Amended Complaint [Docket No. 27].

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts[1] in the Amended Complaint and construes those facts in the light most favorable to Plaintiffs. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017).  To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiffs must nudge their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008).  "In other words, *Rule 8(a)(2) still lives.*" *Id*. (emphasis added).  "Under Rule 8, specific facts are not necessary; the

---

[1] Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191).

### *Claims for Breach of Contract or Unjust Enrichment*

Plaintiffs bring alternative claims for breach of contract or unjust enrichment. Trinity first argues that Plaintiffs have failed to state a claim for breach of contract because they have not proven that Trinity is a party to the leases. The court finds the allegations are sufficient to state a claim for breach of contract. Trinity's motion is denied as to the breach of contract claims.

Trinity also argues that when a party has an adequate remedy at law for breach of contract, the party may not pursue a claim for unjust enrichment. Trinity correctly notes that Plaintiffs cannot include an unjust enrichment claim as part of a breach of contract claim. *Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *2 (W.D. Okla. July 14, 2011). Plaintiffs, however, did not include unjust enrichment claims *as a part of* their breach of contract claims, but as alternatives thereto. Moreover, Trinity argues that it is not in contractual privity with Plaintiffs. Plaintiffs may "allege a claim for unjust enrichment as an alternative form of relief to the extent the Plaintiffs . . . are not parties to leases on which [Trinity] . . . is the lessee or successor lessee . . . ." *Id*. "Oklahoma law allows a plaintiff to plead alternative claims for relief, provided that there is no double recovery for the same injury." *Chieftain Royalty Co. v. BP Amer. Prod. Co.*, No. 16-CV-444-JHP, 2017 WL 5012586, at *5 (E.D. Okla. Nov. 2, 2017).

Trinity also argues that Plaintiffs have failed to state a claim for unjust enrichment. The court finds the allegations sufficient to state a claim. Trinity's motion is denied as to the alternative unjust enrichment claims.

### *PRSA Claims*

Plaintiffs allege that they are entitled to damages under the PRSA, as they have not been paid all of the royalty interests attributable to them and Trinity has taken improper deductions therefrom. Trinity argues that Plaintiffs failed to plausibly plead their PRSA claims. Specifically, Trinity argues that as the operator, its duties under the PRSA are ministerial only. Plaintiffs, however, have pleaded that Trinity is more than merely an operator. Plaintiffs have pleaded that Trinity is the sole owner of the leases. The motion is denied as to the PRSA claim.

### *Accounting Claims*

Plaintiffs allege that they are entitled to an accounting under the subject oil and gas leases. Trinity argues that it is not a party to Plaintiffs' oil and gas leases and thus does not have a duty to provide an accounting. Again, Plaintiffs plausibly alleged that Trinity is a party to Plaintiffs' oil and gas leases. Moreover, Trinity admits that it is the operator of the wells.[2] Plaintiffs have plausibly alleged that Trinity has a legal duty to provide an accounting.

To the extent Plaintiffs intended to bring claims for an equitable accounting, the motion is granted. "A claim for an equitable accounting is sufficient if it alleges '(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the

---

[2] Trinity argues that Plaintiffs failed to plead their entitlement to an accounting pursuant to the PRSA because they did not specifically cite to the PRSA within the section for this claim in the Amended Complaint. The court is not convinced. The Amended Complaint includes both breach of contract and PRSA claims and seeks an accounting. It follows that Plaintiffs seek an accounting pursuant to any of their successful claims. The Amended Complaint gives Trinity fair notice of what the claim is and the grounds upon which it rests.

property; (3) after a demand for an accounting defendant did not account or return the property; and (4) there was no adequate remedy at law.'" *Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, 2011 WL 9527717, at *6. Plaintiffs have not alleged a confidential relationship or that they demanded an accounting and Trinity did not account or return the property. Moreover, as Trinity argues, a royalty lease alone does not create a fiduciary relationship. *Howell v. Texaco, Inc*. 112 P.3d 1154, 1161 (Okla. 2004).

### *John Doe defendants*

Finally, Trinity seeks dismissal of the John Doe defendants, arguing that Plaintiffs have not made any showing to justify a need to assert claims against John Doe defendants. Plaintiffs have alleged that knowledge regarding other possible interest owners can be limited by pooling applications, mergers and acquisitions, joint operating agreements, and private joint venture agreements. As discovery is ongoing, Plaintiffs' claims against the John Doe defendants will not be dismissed at this time.

### *Summary*

Accordingly, Trinity's motion to dismiss [Docket No. 27] is hereby GRANTED in part and DENIED in part. It is granted as to an equitable accounting. It is, in all other respects, denied.

**IT IS SO ORDERED** this 4th day of May, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**